# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JERMAINE C. KING,

Petitioner, : Case No. 2:26-cv-395

- vs - District Judge James L. Graham
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:
Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Jermaine King to obtain relief from his conviction in the Common Pleas Court of Franklin County, Ohio, and his consequent imprisonment in Respondent's custody (Petition, ECF No. 1). On the Court's Order, Respondent, represented by the Attorney General of Ohio, has filed the State Court Record (ECF No. 11) and a Return of Writ (ECF No. 12).

In the Order for Answer, the Court set a deadline for Petitioner's traverse/reply of twenty-one days after filing of the Return (Order, ECF No. 7). When the Return was filed, the Court reminded Petitioner of that deadline, which was August 3, 2026 (Notice, ECF No. 13). That deadline has passed and Petitioner has filed no traverse/reply, making the case ripe for decision on the papers already filed.

**Litigation History**

On May 19, 2022, Petitioner was indicted on one count of aggravated murder, two counts of murder in violation of Ohio Revised Code § 2903.02, and one count of having weapons while under disability. Each of the murder counts included three-year firearm specifications under Ohio Revised Code § 2941.145(A). The charges related to the death of Lawrence Jefferson on April 26, 2022.

Prior to trial, Petitioner pleaded guilty to the weapons charge. A trial jury acquitted him of aggravated murder, but convicted him on the remaining charge and specifications. The murder convictions and firearm specifications were each merged and Petitioner was sentenced to imprisonment for eighteen years to life, the sentence from which he seeks relief.

With new counsel, Petitioner appealed to the Ohio Tenth District Court of Appeals which affirmed. *State v. King*, 2025-Ohio-918 (Ohio App. 10th Dist. Mar. 18, 2025). Petitioner appealed to the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. King*, 178 Ohio St. 3d 1508 (2025).

Petitioner then filed his Petition in this case *pro se.* As amended, he pleads the following grounds for relief:

> **Ground One**: Weather [sic] or not the trial Court Erred and deprived Appellant of due process of the law as guaranteed by the Fourteenth Amendment of the United State Constitution by finding him guilty of murder as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence.

> **Ground Two**: Weather [sic] or not the trial court erred to the prejudice of the Appellant by permitting to introduce and inadmissible character evidence.
>
> **Supporting Facts:** During King cross examination the state over objection of the defense counsel asked King if he ran a Rap Music Company called Murda Style Music and if his stage name was Maineyac Killah King acknowledge both Moniker and explained on redirect that his stage name was just childhood play on his first name and that the productions company name was a reference to how his productions company will treat other rappers or other type of rap music however the state clear purpose in the questioning King about those names and introducing Exhibit H was to impermissibly impugn Kings character the character evidence introduced by the state was highly prejudice and led jury to conclude that King was a violent and murderous person the trial court erred in permitting its introduction and this Court should grant Appellant appropriate relief.

Amended Petition, ECF No. 6.

## Analysis

### Ground One: Conviction on Insufficient Evidence or Against the Manifest Weight of the Evidence

In his First Ground for Relief, King asserts that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.

Federal habeas corpus courts can consider only claims that arise under the United States Constitution. The Sixth Circuit Court of Appeals has held that a manifest weight claim does not state a claim under the Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). The manifest weight claim should therefore be dismissed for failure to state a claim on which habeas corpus relief can be granted.

On the other hand, a sufficiency of the evidence claim does state a claim under the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re*

*Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most

> favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

The Tenth District Court of Appeals decided King's insufficiency of the evidence claim on direct appeal as follows:

> {¶ 18} Under the first assignment of error, appellant challenges the sufficiency and weight of the evidence supporting his murder convictions, Counts 2 and 3.
>
> {¶ 19} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. Accordingly, we set forth the relevant standards of review for each.

{¶ 20} "[W]hether the evidence is sufficient as a matter of law to support a conviction involves a determination of whether the state met its burden of production at trial." *State v. Harris*, 2023-Ohio-3994, 227 N.E.3d 510, ¶ 14 (10th Dist.), citing *State v. Smith*, 2004-Ohio-4786, 2004 WL 2008465, ¶ 16 (10th Dist.); *State v. Frazier*, 2007-Ohio-11, 2007 WL 16778, ¶ 7 (10th Dist.); *Thompkins* at 386, 678 N.E.2d 541. In a sufficiency challenge, an appellate court does not weigh the evidence; rather, the court determines ***41** " ' "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." ' " *Harris* at ¶ 14, quoting *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A reviewing court "essentially assume[s] the state's witnesses testified truthfully and determine[s] if that testimony and any other evidence presented at trial satisfies each element of the crime." *Harris* at ¶ 14, citing *State v. Watkins*, 2016-Ohio-8272, 2016 WL 7494358, ¶ 31 (10th Dist.), citing *State v. Hill*, 2008-Ohio-4257, 2008 WL 3878363, ¶ 41 (10th Dist.). Thus, evidence is sufficient to support a conviction where, if believed, that evidence would permit any rational trier of fact to conclude that the state proved each element of the offense beyond a reasonable doubt. *Harris* at ¶ 14, citing *Frazier* at ¶ 7, citing *Jenks* at paragraph two of the syllabus.

{¶ 21} "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Thompkins* at 386, 678 N.E.2d 541, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). "[A] conviction based on legally insufficient evidence constitutes a denial of due process." *Id*., citing *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "To reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." *Thompkins* at paragraph three of the syllabus, applying Ohio Const., art. IV, § 3(B)(3).

{¶ 22} In contrast to a sufficiency challenge, a manifest weight claim "attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion." *Harris* at ¶ 15, citing *State v. Richey*, 2018-Ohio-3498, 118 N.E.3d 1147, ¶ 50 (10th Dist.), citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 11-13, citing *Thompkins*, 78 Ohio St.3d at 386-87, 678 N.E.2d 541. Although the evidence may be sufficient to sustain a guilty verdict, a manifest weight challenge

requires a different type of analysis. *Harris* at ¶ 14, citing *State v. Walker*, 2003-Ohio-986, 2003 WL 757525, ¶ 43 (10th Dist.). The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. *State v. Petty*, 2017-Ohio-1062, 2017 WL 1091583, ¶ 60 (10th Dist.), citing *State v. Boone*, 2015-Ohio-2648, 2015 WL 3991172, ¶ 49 (10th Dist.), citing *Thompkins* at 387, 678 N.E.2d 541.

{¶ 23} When presented with a manifest weight challenge, an appellate court sits as a " 'thirteenth juror' and may disagree 'with the factfinder's resolution of the conflicting testimony.' " *Harris*, 2023-Ohio-3994, 227 N.E.3d 510, at ¶ 16, quoting *Thompkins* at 387, 678 N.E.2d 541, citing *Tibbs* at 42, 102 S.Ct. 2211. In making this determination, an appellate court " 'review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Thompkins* at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 24} Although an appellate court reviews credibility when assessing the manifest weight of the evidence, the court must be mindful that determinations regarding witness testimony and the weight of testimony are primarily for the trier of fact. *Harris* at ¶ 17, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. This is so because the trier of fact is best able " 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Harris* at ¶ 17, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 25} " 'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, 678 N.E.2d 541, quoting *Martin* at 175, 485 N.E.2d 717. Further, reversal of a jury verdict on manifest weight grounds requires unanimous concurrence of all three judges on the court of appeals panel reviewing the case. *Harris* at ¶ 18, citing Ohio Const., art. IV, § 3(B)(3); *State v. Short*, 2024-Ohio-92, 2024 WL 128162, ¶ 13 (10th Dist.), citing *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 2-4, citing *Thompkins* at paragraph four of the syllabus.

{¶ 26} Appellant was convicted of purposeful murder pursuant to R.C. 2903.02(A), which provides that "[n]o person shall purposely cause the death of another." Appellant was also convicted of felony murder, pursuant to R.C. 2903.02(B), which provides in part that "[n]o person shall cause the death of another as a proximate result of the offender's committing ... an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code." Here, the predicate offense underlying the felony murder charge is felonious assault under R.C. 2903.11(A)(1), which states that "[n]o person shall knowingly ... [c]ause serious physical harm to another."

{¶ 27} Appellant contends he did not purposefully fire his weapon at Jefferson. Citing his own testimony, appellant avers that the weapon discharged during the struggle with Jefferson and, further, that it was Jefferson's decision to take the weapon from him which led to the ensuing struggle, the discharge of the weapon, and Jefferson's death.

{¶ 28} The state counters that it was reasonable for the jury to not believe appellant's version of events. It also argues that evidence in the case refuted appellant's testimony. In support, the state points to video evidence that showed appellant manipulating something heavy in his front sweatshirt pocket, suggesting that appellant was not carrying the gun in his back waistband as he testified. It also points to appellant's actions in seeking out Jefferson, taking a gun with him to the barbershop, and parking behind the barbershop rather than in the parking lot in front of the building as further evidence of appellant's guilt.

{¶ 29} When viewed in a light most favorable to the state, we find there was sufficient evidence to convict appellant of purposeful murder and of felony murder via felonious assault because the state presented sufficient evidence to establish that Jefferson's death was caused by appellant shooting him with a deadly weapon.

{¶ 30} Appellant also contends his convictions on Counts 2 and 3 were against the manifest weight of the evidence for the same grounds raised in his sufficiency argument. Again, the crux of appellant's argument is that the jury should have believed his testimony about what happened in the stairwell with Jefferson.

{¶ 31} A conviction is not against the manifest weight of the evidence because the trier of fact believed the state's version of events over the appellant's version. *State v. Gale*, 2006-Ohio-1523, 2006 WL 827777, ¶ 19 (10th Dist.). The trier of fact is free to believe

> or disbelieve all or any of the testimony provided at trial. *State v. Jackson*, 2002-Ohio-1257, 2002 WL 416994 (10th Dist.).
>
> {¶ 32} Appellant does not dispute that Jefferson was killed by gunshots from the gun he had on his person at the barbershop. The only dispute is whether appellant purposefully or knowingly discharged the weapon. It was within the province of the jury to assess appellant's credibility to determine whether it credited his version of the incident or instead believed the state's version of events. After review of the entire record and the relevant evidence, including all reasonable inferences and the credibility of the witnesses, we cannot say that the jury clearly lost its way or that a manifest miscarriage of justice has occurred.
>
> {¶ 33} Based on the foregoing, we conclude the state presented sufficient evidence to support appellant's convictions on Counts 2 and 3, and that those convictions were supported by the manifest weight of the evidence. Accordingly, appellant's first assignment of error is overruled.

*State v. King, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

Here the Tenth District applied the relevant federal standard form *Jackson* as it has been incorporated in Ohio precedent in *Thompkins*. Petitioner has not shown any way in which that application was unreasonable and it is therefore entitled to deference.

The insufficiency of evidence claim in Ground One should be dismissed with prejudice.

**Ground Two: Admission of Inadmissible Character Evidence**

In his Second Ground for Relief, Petitioner claims the trial court erred by admitting inadmissible character evidence in the form of permitting cross-examination about the name under which he conducted business.

Respondent asserts this claim is procedurally defaulted because it was never fairly presented to the Ohio courts as a constitutional claim. On direct appeal, Petitioner presented this claim as his Second Assignment of Error as follows:

> II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PERMITTING THE STATE TO INTRODUCE PREJUDICIAL AND INADMISSABLE CHARACTER EVIDENCE. (T. 371-378; R. Exh. H).

Appellant's Brief, State Court Record, ECF No. 11, Ex. 12, PageID 87.

The Sixth Circuit has held a claim is fairly presented if the petitioner

> relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). Appellant's Brief cites no federal cases at all and is instead framed in terms of the Ohio Rules of Evidence.

Because Petitioner did not fairly present this claim to the Ohio courts as a constitutional claim and indeed does not even frame it as a constitutional claim in this Court, it is procedurally defaulted and Petitioner has offered no excusing cause and prejudice. Ground Two should therefore be dismissed with prejudice as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #